IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Charles McCoy,                  :

     Plaintiff,            :       Case No. 2:12-cv-655

  v.                            :

David B. Stokes,                :       JUDGE EDMUND A. SARGUS, JR.

    Defendant.              :       Magistrate Judge Kemp

REPORT AND RECOMMENDATION

Plaintiff, Charles McCoy, a state prisoner proceeding *in forma pauperis*, has filed a complaint seeking relief against David B. Stokes, who served as his private attorney in a previous criminal matter. The Court has previously granted Mr. McCoy's motion to proceed *in forma pauperis* and assessed the appropriate filing fee. The issue now before the Court is whether the complaint survives an initial screening pursuant to 28 U.S.C. §1915(e)(2) and 28 U.S.C. §1915A. For the following reasons, it will be recommended that the case be dismissed.

I. Factual Background

The facts that Mr. McCoy alleged in his complaint may be summarized as follows. Mr. McCoy was a defendant in a state criminal case, State v. McCoy, Case No. 04-CR-380, filed in Licking County, Ohio. He was convicted and sentenced to thirty years in prison. He was represented in that action by David B. Stokes, a private attorney from Newark, Ohio.

In his complaint, Mr. McCoy alleged that Mr. Stokes entered into "an agreement" with the Assistant Prosecutor "not to enter any evidence (esp. physical)." Mr. McCoy contends that entering

into this agreement was negligent and improper and that Mr. Stokes's negligence/malice adversely affected his appeals process. As relief, he seeks damages in the amount of $30,000,000.00.

## II. Legal Standard

The ability to proceed *in forma pauperis* was established by Congress through 28 U.S.C. §1915 in order to provide greater means of access to the judicial system for the indigent. Denton v. Hernandez, 504 U.S. 25, 31 (1992). The statute allows, with proper showing of financial need, a petitioner to proceed in an action "without prepayment of fees or security thereof." 28 U.S.C. § 1915(a)(1).

However, 28 U.S.C. §1915(e)(2) requires the Court "to dismiss the case at any time if the court determines that …(B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A suit is frivolous if it lacks any arguable foundation in either fact or law. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted, if, after accepting as true all well-pleaded allegations of the complaint, the allegations do not "raise a right to relief above the speculative level." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007).

The Court is mindful that *pro se* complaints are to be construed liberally in favor of the *pro se* party. Haines v. Kerner, 404 U.S. 519 (1972); see also Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). It is with these standards in mind that the Court conducts its initial screening of the complaint submitted by Mr. McCoy.

## III. Discussion

### A. § 1983 Claim

Mr. McCoy's complaint could be construed to allege a violation of his Sixth Amendment right to the effective assistance of counsel. Individuals may file private rights of action for certain violations of their constitutional rights pursuant to 42 U.S.C. §1983. However, §1983 relief is not available in this case.

In order to obtain relief under §1983, a plaintiff must show that he or she has been deprived of a right "secured by the Constitution and the laws" of the United States. Flagg Bros. v. Brooks, 436 U.S. 149, 155 (1978). The Court will assume, for purposes of determining if the complaint states a viable claim for relief, that Mr. Stokes's representation of Mr. McCoy was, in fact, negligent/malicious in nature, and that such representation would have resulted in a violation of Mr. McCoy's constitutional right to effective assistance of counsel.

However, under 42 U.S.C. §1983, a plaintiff must also show that the defendant was acting "under color of any statute" of a State. Id. Usually, but not always, that means that the defendant must have been employed by a State or a political subdivision of a State such as a county, city, township, or some other governmental body at the time the defendant acted, and the defendant's actions must also have had some relationship to his or her position as a governmental employee.

Even if someone is not directly employed by a governmental body, he or she may qualify as a "state actor" under §1983. In order for that to happen, however, the defendant's actions must be "fairly attributable to the State" in some way. Lugar v. Edmondson Oil Co., 457 U.S. 2744, 2753 (1981). Under Lugar's two-part "fair attribution" test, the constitutional deprivation "must be caused by the exercise of some right or privilege created by the State. . . and the party charged with the

deprivation must be a person who may fairly be said to be a state actor." Id.

Here, Mr. McCoy does not allege that Mr. Stokes was employed by the State of Ohio, Licking County, the City of Newark, or any other governmental body. It appears that he simply represented Mr. McCoy as a private attorney. If that is so, the law is clear that Mr. Stokes did not exercise any rights or privileges created by the State of Ohio. Mr. Stokes, as a private attorney, cannot fairly be said to be a state actor; the Court of Appeals for this Circuit and this Court have held in the past that private attorneys are not "state actors" when they represent defendants in criminal matters. See, e.g., Cudejko v. Goldstein, 22 Fed. Appx. 484, 485 (6th Cir. October 26, 2001), citing Polk Co. v. Dodson, 454 U.S. 312 (1981); see also Freshwater v. Mt. Vernon City School District, 2010 WL 1434314, *2 (S.D. Ohio April 8, 2010). The Polk County case, decided by the United States Supreme Court, held that even attorneys (such as public defenders) who are paid from state funds rather than by their indigent clients still act on behalf of their private clients and not the State, so they are not "state actors" and cannot be held liable under §1983. Based on these decisions, Mr. McCoy cannot properly assert a claim against Mr. Stokes, a private attorney and not a "state actor," under §1983 even if there were some basis for believing that Mr. Stokes deprived Mr. McCoy of some constitutional right.

B.  Legal Malpractice Claim

If, on the other hand, Mr. McCoy's claim is simply one for malpractice, it must be dismissed for lack of jurisdiction, because it does not present a federal question under 28 U.S.C. §1331, which states that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution,

laws, or treatises of the United States." Additionally, Mr. McCoy's claim does not satisfy the diversity of citizenship requirement of 28 U.S.C. §1332. Mr. McCoy and Mr. Stokes are both citizens of Ohio, and the Court may not hear cases based on state law where both the plaintiff and defendant are citizens of the same state.

## IV. Recommended Disposition

For the reasons stated above, it is recommended that the complaint be dismissed for failure to state a claim upon which relief may be granted. If this recommendation is adopted, a copy of the complaint, the Report and Recommendation, and the dismissal order should be mailed to the defendant.

## V. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the

Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).


                                          /s/ Terence P. Kemp
                                          United States Magistrate Judge