IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Charles McCoy, | : | |
| Plaintiff, | : | Case No. 2:12-cv-655 |
| v. | : | JUDGE EDMUND A. SARGUS, JR. |
| David B. Stokes, | : | Magistrate Judge Kemp |
| Defendant. | : | |

## OPINION AND ORDER

Plaintiff, Charles McCoy, is a state prisoner who has filed a civil action against his former defense attorney, David B. Stokes. The case is before the Court on the Report and Recommendation of the Magistrate Judge, who recommends that the case be dismissed, and Mr. McCoy's objection to that recommendation. For the following reasons, Mr. McCoy's objections will be overruled and the case will be dismissed.

I.

The facts of this case are fairly summarized in the Report and Recommendation. Briefly, Mr. Stokes, an attorney who practices in Licking County, Ohio, represented Mr. McCoy in a 2004 criminal case. Aside from the fact that the case ended in a conviction and a sentence of thirty years in prison, Mr. McCoy's chief complaint is that Mr. Stokes and the prosecutor allegedly entered into an agreement to the effect that Mr. Stokes would not present any evidence when the case went to trial. The Report and Recommendation concluded that because Mr. Stokes is not a state actor, Mr. McCoy could not assert a claim against him for violation of constitutional rights under 42 U.S.C. §1983, and that the Court would not have independent jurisdiction to decide any state law legal malpractice claim which Mr. McCoy might be

asserting. Because Mr. McCoy has filed objections to these findings, the Court will decide *de novo* the issue of whether the complaint states a viable claim. 28 U.S.C. §636(b)(1)(B); Fed.R.Civ.P. 72(b).

II.

Mr. McCoy's primary argument, in his objections, is that he either has or should be allowed to assert a claim against Mr. Stokes for civil conspiracy. He did, prior to the issuance of the Report and Recommendation, file a motion for leave to amend his claims. Given that this is a prisoner-initiated case governed by the Prison Litigation Reform Act, the Court is required to screen the complaint as submitted; "[u]nder the Prison Litigation Act, courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal." *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997). However, the Court will construe the complaint in Mr. McCoy's favor and analyze the issue of whether a viable claim of civil conspiracy has been pleaded here.

Mr. McCoy relies on *Celestin v. City of New York*, 581 F.Supp. 2d 420 (2008) in support of his argument that, although Mr. Stokes was clearly not a state actor, he can be held liable under §1983 for conspiring with a state official, the county prosecutor, to deprive Mr. McCoy of his Sixth Amendment right to the effective assistance of counsel. *Celestin*, however, is not a case involving private attorneys, but a case where the plaintiff asserted false arrest and malicious prosecution claims against city police officers. Further, although it recognized that §1983 can support a claim for civil conspiracy, the plaintiff in that case had not presented any evidence that such a conspiracy existed. The elements of such a claim, however, as set forth in *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir.1999), which was cited by the *Celestin* court, are similar to the elements of such a claim in this Circuit. *See Spadafore v. Gardner*, 330 F.3d 849 (6th Cir.

2003), *citing Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985). Under those decisions, a civil conspiracy claim requires allegations that there was a single plan to deprive someone of his or her constitutional rights, that each conspirator agreed to the plan, and that at least one overt act was carried out to further the object of the conspiracy. It is also true, of course, that "conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under §1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir.1987).

Here, even if the complaint can be construed to attempt to state a claim for civil conspiracy, it does not satisfy this pleading standard. The agreement which Mr. McCoy claims to have been entered into between Mr. Stokes and the prosecutor apparently consists of some type of stipulation signed in 2004. As the complaint describes it, the stipulation "was more or less an agreement between Mr. Oswalt and Mr. Stokes not to enter any evidence (esp. physical) knowing full well there was no evidence logged in with the Heath Police Dept., tested by BCI or any other lab, photographed or tangibly documented." Doc. 4, at 5. It appears to be Mr. McCoy's theory that the object of this agreement was to prevent him from receiving the effective assistance of counsel during his criminal trial.

As the Court sees it, permitting a §1983 conspiracy claim to proceed on this type of allegation would create the potential for every agreement or decision made by a defense attorney during the course of a criminal trial into a federal constitutional claim for damages. Any convicted defendant could allege, without additional support, that the reason his attorney did or failed to do some particular thing during the course of trial was that the attorney and the prosecutor had reached an agreement as to that course of action - which frequently occurs in a criminal case - and that the agreement was, in fact, a conspiracy between a state actor (the

prosecuting attorney) and defense counsel to deprive the defendant of his constitutional rights. Allowing such bald accusations to survive either an initial screening or a motion to dismiss would then place the burden of litigation on the defendant in a way that would appear to violate the spirit, if not the letter, of the Supreme Court's recent decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009), where the Court stated that "Rule 8 does not empower respondent to plead the bare elements of his cause of action ... and expect his complaint to survive a motion to dismiss."

There are additional reasons, however, why this particular complaint cannot survive an initial screening. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that if the result of a §1983 action for damages would be "necessarily [to] imply the invalidity of [the defendant's] conviction or sentence," such an action "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." A claim of ineffective assistance of counsel leading to an improper conviction necessarily implies that the conviction was obtained in violation of the Sixth Amendment. Such convictions are invalid. Therefore, if Mr. McCoy were to succeed on his claim here, the validity of his conviction would be called into question, and *Heck* requires that the case be dismissed. As this Court held in *Maguire v. Arenstein & Gallagher, LLC*, 2008 WL 2923868, *2 (S.D. Ohio July 24, 2008),

> It cannot be questioned that the denial of the right to effective assistance of counsel, as guaranteed by *Strickland* [*v. Washington*, 466 U.S. 668 (1984)], can serve as the basis for overturning a criminal conviction, either on direct appeal or in an action under §2254 or §2255. Therefore, courts including the Sixth Circuit have held that *Heck* bars a claim for monetary damages, based upon counsel's alleged failure to provide effective assistance. *See e.g., Proctor v. Nichols*, 1997 WL 56960 (6th Cir.1997); *Trimble v. Santa Rosa*, 49 F.3d 583, 585 (9th Cir.1995).

Many other courts have reached exactly the same conclusion. *See, e.g., Bielski v. Younkins*, 2011 WL 6000708 (W.D. Pa. November 30, 2011); *Baker v. City of Hollywood*, 2008 WL 2474665 (S.D. Fla. June 17, 2008), *aff'd* 391 Fed. Appx. 819 (11th Cir. August 10, 2010). Thus,

-4-

the complaint simply fails to state a claim under any legal theory so long as Mr. McCoy's conviction remains in place and is not overturned by a state or federal court. Because he has not alleged that he has successfully invalidated his conviction through some other legal proceeding, he may not prosecute this case.

III.

For all these reasons, plaintiff's objections (Doc. 9) to the Report and Recommendation (Doc. 7) are **OVERRULED.** The Report and Recommendation is **ADOPTED AND AFFIRMED** and this case is **DISMISSED.** Plaintiff's motion to amend the complaint (Doc. 6) is **DENIED**.

**IT IS SO ORDERED.**

10-25-2012
Date

Edmund A. Sargus, Jr.
United States District Judge